IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION



**NICK D. WELCH**　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

VS.　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:08cv55 KS-MTP

**OAK GROVE LAND COMPANY, INC.,
FRED MCMURRY, DAVID E. JOHNSON,
J. DOUGLAS SEIDENBURG,
THE FIRST, A NATIONAL BANKING ASSOCIATION,
THE FIRST BANCSHARES, INC., AND
JOHN DOES 1 THROUGH 10**　　　　　　　　　　　　　　　　**DEFENDANTS**

**JURY TRIAL DEMANDED**

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that in accordance with 28 U.S.C. §§ 1331, 1441 and 1446 and all other applicable federal laws, Defendants The First, A National Banking Association ("The Bank"), and The First Bancshares, Inc. ("The Holding Company") hereby remove this action entitled *Nick D. Welch v. Oak Grove Land Co., Inc., Fred McMurray, David E. Johnson, J. Douglas Seidenburg, The First, A National Banking Association, The First Bancshares, Inc., and John Does 1 Through 10,* Civil Action No. 2006-263-CV-4, currently pending in the Circuit Court of the Second Judicial District of Jones County, Mississippi, to the United States District Court for the Southern District of Mississippi, Hattiesburg Division.

Pursuant to said Notice of Removal and in accordance with the provisions of 28 U.S.C. § 1446(d), the Circuit Court of the Second Judicial District of Jones County, Mississippi will proceed no further with this matter. The removing Defendants support this removal as follows:

2253133.1/10175.28293

1. The removing Defendants base this removal and the invocation of federal court jurisdiction upon the following:

   (a) 28 U.S.C. § 1331;

   (b) The Securities and Exchange Act of 1934 [15 U.S.C. § 78a, *et seq.*] (hereinafter "The 1934 Act") and the rules and regulations thereunder by the Securities and Exchange Commission ("SEC") [17 CFR § 240, including but not limited to, 17 CFR § 240 - 10(b)(5)];

   (c) The Private Securities Litigation Reform Act (hereinafter "PSLRA");

   (d) 15 U.S.C. § 78aa;

   (e) "other paper" pursuant to 28 U.S.C. § 1446(b).

2. The Plaintiff, Nick Welch ("Welch"), was at the time in questions a shareholder in The Holding Company which is a Mississippi corporation registered with the Federal Reserve Board as a bank holding company. Prior to the sale complained of in the original and Amended Complaint, Welch owned 69,165 shares of stock or 5.82 percent of the total outstanding shares of The Holding Company. A verbal agreement was reached between Welch and Defendants Fred McMurry ("McMurray") and Oak Grove Land Company, Inc. ("Oak Grove") for the purchase of all stock owned by Welch in December 2005. On January 19, 2006, Welch and Oak Grove executed an Agreement for the Private Sale and Purchase of Stock ("Agreement"). The final closing of the sale of Welch's stock took place on February 2, 2006.

3. Welch filed his original Complaint in the Circuit Court of the Second Judicial District of Jones County, Mississippi, Civil Action Number 2006-263-CV-4, on April 11, 2006. Welch's original Complaint was removed to the United States District Court for the Southern District of Mississippi, Hattiesburg Division, on May 5, 2006, by Oak Grove, McMurray, J. Douglas Seidenburg ("Seidenburg") and David E. Johnson ("Johnson"). Neither The Bank nor The Holding Company was a defendant in the original Complaint filed by Welch. The existing

Defendants asserted that causes of action contained in Welch's original Complaint were artfully pled federal claims arising out of The 1934 Act, the PSLRA and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The Defendants asserted that the original Complaint filed by Welch and the actions alleged therein all evolved out of violations of the Federal Securities Law and that Congress had preempted handling such actions in state court.

4.      The United States District Court for the Southern District of Mississippi, Hattiesburg Division, the Honorable Keith Starrett, United States District Judge, entered an Order dated March 28, 2007, granting Welch's Motion to Remand. A true and correct copy of Judge Starrett's Order is attached hereto as Exhibit "A" and incorporated herein. The Court determined at that time that Welch had defeated federal jurisdiction by successfully waiving any federal question claim. The Court further found that by not availing himself of The 1934 Act, Welch was waiving the benefits of The 1934 Act, thereby strictly limiting himself to claims not barred by state law. However, in its Order, the Court stated, in part, as follows:

> By limiting himself to purely state law claims and involuntarily relinquishing the provisions of the 1934 Act, he significantly limits the proof that he will be allowed to present and the remedies requested. The 1934 Act was designed to supplement state causes of action and not preclude them. **However, if Welch attempts to deviate from his state law contract claims and pursue the benefits of the 1934 Act, then exclusive federal jurisdiction of the claims under the 1934 Act would be invoked.**

*See* Exhibit "A", p. 7 (emphasis added).

5.      On September 28, 2007, Welch filed an Amended Complaint against Oak Grove, McMurray, Johnson, and Seidenburg and also named The Bank and The Holding Company as Defendant. Pursuant to a Scheduling Order in the Circuit Court of the Second Judicial District of Jones County, Mississippi, Welch filed his Designation of Expert Witnesses Pursuant to Rule 26(b)(4)(A)(i) of the Mississippi Rules of Civil Procedure. ("Designation of Expert Witnesses").

2253133.1/10175.28293

A true and correct copy of Welch's Designation of Expert Witnesses is attached hereto as Exhibit "B" and fully incorporated herein.

6. Welch has now done precisely what Judge Starrett cautioned against in his Memorandum Opinion and Order remanding the case by deviating from his alleged state law claims and pursuing the benefits of The 1934 Act and federal law. Under these circumstances, Judge Starrett stated that the exclusive federal jurisdiction of the claims under The 1934 Act would be invoked.

7. On February 11, 2008, Welch caused to be executed and served in the state court action his Designation of Expert Witnesses on the Defendants. *See* Exhibit "B". Welch designated three (3) expert witnesses in this case: (1) Christopher Bebel, ESQ. ("Mr. Bebel"); (2) Walter Neely, PH.D ("Dr. Neely") and Cecil Harper, CPA ("Mr. Harper"). *See* Exhibit "B".

8. Mr. Bebel is a federal securities law attorney from Houston, Texas. A copy of Mr. Bebel's curriculum vitae is attached to Exhibit "B" and fully incorporated herein. The subject matter of Mr. Bebel's purported expert testimony includes: (a) "[d]isclosure obligations attending a securities listing initiative" and (b) "[t]he importance of full and fair disclosure of facts attending a securities initiative to a prospective securities transaction." *See* Exhibit "B" at p. 2. As a basis for his expert opinions, Mr. Bebel will opine that the duties which govern the transaction at issue in this civil action are created pursuant to certain federal regulations, rules and forms including the following which are specifically referenced in Mr. Bebel's disclosure:

    a. Division of Corporation Finance: Current Report on Form 8-K Frequently asked questions: www.sec.gov/divisions/corpfin/form8kfaq.htm;

    b. U.S. Securities and Exchange Commission Form 8-K;

    c. Proposed Rule: Additional Form 8-K Disclosure Requirements and Acceleration of Filing Date: 17 CFR Parts 228, 229, 240 and 249;

d.  Final Rule: Additional Form 8-K Disclosure Requirements and Acceleration of Filing Date: 17 CFR Parts 228, 229, 240 and 249;

e.  NASDAQ Corporate - NASDAQ Listing Information: www.nasdaq.com/about/listing_information.stm;

f.  NASDAQ Listing Application.

g.  NASDAQ Listing Agreement.

h.  NASDAQ Corporate News - NASDAQ Listing Information: www.nasdaq.com/services/insidenasdaq.stm.

i.  NASDAQ Going Public: A Guide for North American Companies to Listing on the U.S. Securities Markets.

j.  NASDAQ Frequently Asked Questions: www.nasdaq.com/about/FAQSCorpGov.stm.

k.  The NASDAQ Stock Market Corporate Governance Certificate Form.

l.  NASDAQ Regulatory Requirements, December 2007.

m.  NASDAQ Global Select Market Frequently Asked Questions.

n.  NASDAQ Frequently Asked Questions: www.nasdaq.com/about/FAQsMarketIntegrity.stm

o.  NASDAQ Facts: www.nasdaq.com/reference/nasdaq_facts.stm

p.  NASDAQ Listing Standards and Fees, December 2007.

q.  SEC Staff Accounting Bulletin: No. 99 - Materiality. Release No. 99.

r.  The First Bancshares, Inc. 10-KSB for the years ended 12/31/04 and 12/31/05.

s.  The First Bancshares, Inc. 10-QSB for the quarter ended September 30, 2006.

t.  FBMS Form S-1 Amendment No. 2 filed 10/5/06.

u.  FBMS Form 8-K filed 1/25/06, 1/26/06, 2/23/06, 4/28/06.

v.  FBMS Form 4 dated 2/2/06.

| | | |
|---|---|---|
| w. | FBMS 12/21/05 Correspondence to SEC. | |
| x. | NASD Rules regarding NASDAQ listing considerations. | |
| y. | SEC Edgar Index re: FBMS filings. | |
| z. | NASDAQ Corporate Goverance Form. | |
| aa. | NASDAQ Entry Fee Payment Form - Initial Submission. | |
| bb. | Form 4, Donna T. Rutland, filed 12/12/05. | |
| cc. | Form 4, David E. Johnson, filed 12/22/05. | |
| dd. | Form 3, David O. Thoms, Jr., filed 12/30/05. | |
| ee. | Form 4, David O. Thoms, Jr., filed 1/3/06. | |
| ff. | Form 4, Ralph T. Simmons, filed 1/3/06. | |
| gg. | Form 4, David O. Thoms, Jr., filed 1/27/06. | |
| hh. | Form 4, David E. Johnson, filed 2/2/06. | |
| ii. | Form 4, Douglas J. Seidenburg, filed 2/2/06. | |
| jj. | FBMS Form S-1 filed 9/8/06. | |
| kk. | FBMS Schedule 14A filed 3/30/05. | |

*See* Exhibit "B", pp. 4-6.

9. The alleged duties and responsibilities articulated by Mr. Bebel in his expert disclosure are created exclusively by federal law, namely, The 1934 Act and the rules and regulations promulgated thereunder. Under Mississippi common law there is no comparable duty imposed on the Defendants to disclose the information which is required by The 1934 Act, and its rules and regulations. Accordingly, the disclosure obligations set forth in Welch's Designation of Expert Witnesses are duties created exclusively by and exist pursuant to federal law, specifically, The 1934 Act or the rules and regulations thereunder and, as such, are within

the exclusive jurisdiction of the United States District Courts of the United States pursuant to 15 U.S.C.A. § 78aa.

10.     Also identified in Welch's Designation of Expert Witnesses is Dr. Neely. *See* Exhibit "B", pp. 11-15, and Exhibit "B" attached to Welch's Designation of Expert Witnesses. Based upon the written disclosures provided by Welch, Dr. Neely is expected to provide expert opinion testimony regarding the importance of certain alleged omissions by the Defendants upon Welch's decision to sell his FMBS stock, the reasonable expectation of appreciation of FBMS stock upon its listing on the NASDAQ Capital Market and issuance of a stock dividend, and the reasonable forseeability of the stock dividend in conjunction with the application on the NASDAQ Capital Market. *See* Exhibit "B", p. 11-15. Dr. Neely is further expected to testify, based upon the alleged disclosures provided by Welch, that the information concerning the listing on the NASDAQ Capital Market was a material omission with regard to the purchase of Mr. Welch's stock and should have been disclosed to Mr. Welch prior to closing on February 2, 2006. No such duty exists under Mississippi common law and any claim arising under any such articulated duty is within the exclusive jurisdiction of the federal courts of the United States of America pursuant to 15 U.S.C.A. § 78aa.

11.     Finally, Welch's Designation of Expert Witnesses includes Cecil W. Harper, CPA ("Mr. Harper"). *See* Exhibit "B", p. 16-17. Mr. Harper has been designated by Welch to testify as to the damages allegedly suffered by Welch and Welch's financial condition on or around February 2, 2006, the time of the closing of Welch's stock transaction with Oak Grove. Mr. Harper bases his opinions, *inter alia*, on "[p]ublished insider transaction data via the Internet provided by Edgar Online, Inc. and Thompson Financial and as available through the U.S. Securities and Exchange Commission for the period February 2, 2006 to February 8, 2008. *See*

Exhibit "B". The section of Mr. Harper's opinion entitled "Information and Documents Reviewed" contains no citation to Mississippi law, but only to federal sources. Thus, Mr. Harper's opinions do not rely in any way upon state law in relation to damages allegedly suffered by Welch, but only reference to federal damages.

12. Welch, through the designation of expert witnesses in this case has clearly deviated from his prior alleged state law claims and now seeks to pursue the benefits of federal law and specifically The 1934 Act and further seeks to impose federal duties and obligations on the part of the Defendants under federal law as set forth in Exhibit "B". As a result of the actions on the part of Welch in invoking federal jurisdiction through his Designation of Expert Witnesses, exclusive federal jurisdiction of Welch's claims exist under The 1934 Act and other applicable federal law. Thus, this Court has subject matter of this cause pursuant to 28 U.S.C. § 1331.

13. Questions of federal law are necessary elements of one or more of the claims articulated by Welch, and therefore, they are, in fact, embedded federal claims. As a matter of law, Welch's claims turn upon essential interpretations of federal laws and duties created thereunder as articulated by Welch's Designation of Expert Witnesses served in the state court action. This Court, accordingly, has federal jurisdiction because Welch has alleged claims that arise solely under federal law, are governed by federal law and/or impose duties on the Defendants which are within the exclusive jurisdiction of the federal courts. Welch seeks to impose upon the Defendants duties and breaches thereof under federal law that are more fully set forth in Welch's Designation of Expert Witnesses attached hereto as Exhibit "B".

14. All named and served Defendants in this action have joined in and/or have consented to this removal in writing. A true and correct copy of the Defendants' joinder/consents are attached hereto as Exhibit "C" and fully incorporated herein.

15. In accordance with 28 U.S.C. § 1446(b), the instant Notice of Removal is timely filed within thirty (30) days from the date on which any of the removing Defendants were first served with a copy of Welch's Designation of Expert Witnesses, which constitutes "other paper" pursuant to 28 U.S.C. § 1446(b), from which it was ascertained that the case is one which is or has become removable. A copy of all pleadings served by or upon the parties in the Circuit Court for the Second Judicial District of Jones County, Mississippi, are attached hereto as Exhibit "D" and fully incorporated herein.

16. Written notice of the filing of this Notice of Removal is being served on all parties through their counsel of record at their last known address. A copy of this Notice of Removal will be filed with the Circuit Court of the Second Judicial District of Jones County, Mississippi, and the United States District Court for the Southern District of Mississippi, Hattiesburg Division, by filing a Notice of Filing Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, Defendants The First, A National Banking Association, and The First Bancshares, Inc. pray that the above-entitled action, formerly pending in the Circuit Court of the Second Judicial District of Jones County, Mississippi, be removed to the United States District Court for the Southern District of Mississippi, Hattiesburg Division, and that the Circuit Court of the Second Judicial District of Jones County, Mississippi, take no further action in this pending cause. The First, A National Banking Association and The First Bancshares, Inc. request that the Court grant such other and further relief in this matter as the Court deems just and proper.

This, the 12th day of March, 2008.

        Respectfully submitted,

        THE FIRST BANCSHARES, INC. and THE FIRST,
        A NATIONAL BANKING ASSOCIATION

        By Their Attorneys

        WATKINS LUDLAM WINTER & STENNIS, P.A.

        By: _____
                Douglas T. Miracle

Craig N. Landrum (MSB No. 1803)
Douglas T. Miracle (MSB No. 9648)
WATKINS LUDLAM WINTER & STENNIS, P.A.
633 North State Street (39202)
Post Office Box 427
Jackson, MS 39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804

2253133.1/10175.28293

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendants, The First, A National Banking Association, and The First Bancshares, Inc., do hereby certify that I have this day forwarded a true and correct copy of the above and foregoing document to the following:

Thomas Tucker Buchanan, Esq. **(Via United States Mail)**
Post Office Box 4326
Laurel, MS 39441-4326

D. James Blackwood, Esq. **(Via Hand Delivery)**
Thomas A. Cook, Esq.
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158
**Attorneys for Nick Welch**

Robert Gholson, Esq. **(Via United States Mail)**
Noel Rogers, Esq.
Gholson Burson Entrekin & Orr
P.O. Box 1289
Laurel, MS 39441
**Attorneys for Doug Seidenburg**

Rick Norton, Esq. **(Via United States Mail)**
William A. Whitehead, Jr., Esq.
Bryan Nelson P.A.
Post Office Drawer 18109
Hattiesburg, MS 39404
**Attorneys for Fred McMurry**

Phil B. Abernethy, Esq. **(Via United States Mail)**
Butler Snow O'Mara Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567
**Attorneys for Oak Grove Land Company, Inc.**

Samuel S. McHard, Esq. **(Via United States Mail)**
McHard & Associates, P.L.L.C.
32 Millbranch Road, Suite 50
Hattiesburg, MS 39402
**Attorneys for David Johnson**

This the 12th day of March, 2008.

_____
Douglas T. Miracle