IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


**NICK D. WELCH**                                                                                          **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 2:08cv55KS-MTP**

**OAK GROVE LAND COMPANY, INC., FRED McMURRY,
DAVID E. JOHNSON, J. DOUGLAS SEIDENBURG, THE FIRST,
A NATIONAL BANKING ASSOCIATION, THE FIRST
BANKSHARES, INC., AND JOHN DOES 1-10**                              **DEFENDANTS**


<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the court on a Bill of Costs and Amended bill of Costs **[#32 & #38]** filed on behalf of the plaintiff.  The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file, and being otherwise fully advised in the premises, finds that the Amended Bill of Costs is well taken and should be granted in part.  The court specifically finds as follows:

This case arises from the purchase of bank stock from the plaintiff, Nick D. Welch, by the defendants.  On April 11, 2006, Welch filed suit against the named defendants in Jones County Circuit Court, Second Judicial District, Cause No. 2006-263-CV4, asserting solely state common law claims for intentional misrepresentation and omission, negligent misrepresentation and omission, breach of fiduciary duty, breach of the duty of good faith and fair dealing, and conspiracy.  Welch contended that had he known about a stock split subsequent to his sale and/or a proposed NASDAQ

listing, which was being pursued at the time of the sale, he would not have sold his FBMS stock to defendant Oak Grove for the price he did.

On May 5, 2006, the defendants removed this case from the Jones County Circuit Court to this court, arguing that Welch's state common law claims were artfully pled claims arising under the Securities Exchange Act of 1934 ("the 1934 Act"), the Private Securities Litigation Reform Act ("the PSLRA"), and the RICO Act. Welch promptly filed a motion to remand which was granted by the court on March 28, 2007.

On February 11, 2008, Welch filed his Designation of Expert Witnesses in state court pursuant to Miss.R.Civ.P. 26(b)(4)(A)(I). He designated Christopher Bebel, a securities lawyer, to testify as to "disclosure obligations attending a securities listing initiative" and the "importance of full and fair disclosure of facts attending a securities initiative to a prospective securities transaction." According to the defendants, Bebel had been designated to provide testimony as to the basis of the defendants' alleged liability with regard to the defendants' disclosure obligations.

As a result of this disclosure, the defendants re-removed the action to this court on March 12, 2008. The defendants asserted that an embedded federal question had arisen through the existence of "other paper" - i.e., the expert designation. The plaintiff timely filed a motion to remand arguing improvident removal and requesting attorneys' fees and costs in addition to remand. Remand related discovery was requested by the defendants and agreed to by the plaintiff. After completion of that discovery, the court took the matter up and granted the remand on August 14, 2008.

In the remand order the court held "Clearly, the claims asserted by the plaintiff do not arise under any federal law . . . ." As to the issue of improper removal, the court

concluded "In fact, the court finds that the question of whether or not the expert designation by the plaintiff appropriately allowed the defendants to re-remove this case is not even close. . . . As such, the court concludes that the re-removal was improvident." Order at page 13.  Welch has now provided a Bill of Costs and an Amended Bill of Costs and is asking the court to award payment of expenses, costs and attorney fees incurred in securing the remand of the defendants' improvident removal pursuant to 28 U.S.C. § 1447(c).

On August 28, 2008, Welch submitted his initial Bill of Costs, requesting a total of $48,953.12 as fees and expenses incurred by him in obtaining the remand order. This amount is broken down as $28,614.37 in fees and expenses charged to Welch by his attorneys and $20,338.75 in fees and expenses charged by Welch's expert witness Christopher Bebel for his involvement in the jurisdictional proceedings which included a remand-related deposition.  After the defendants' response to the Bill of Costs pointed out that the attorneys fee request included an amount of $2,445.00 for filing a motion that was not filed, the plaintiff filed an Amended Bill of Costs reflecting a reduction by that amount in the attorney fee request resulting in a net claim of $47,408.12.

## STANDARD OF REVIEW AND ANALYSIS

28 U.S.C. § 1447(c) allows the court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The imposition of expenses, costs and fees is left to the discretion of the Court based on " the propriety of the defendant's decision to remove."  *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001).  *See also, Gannett River States Pub. Corp. v. Mississippi State*

*University*, 945 F.Supp. 128, 131-132 (S.D.Miss. 1996).

The award of attorney fees and costs is within the discretion of the court, thus the court is not required to make a finding of bad faith, negligence or frivolousness. *Miranti v. Lee*, 3 F3d 925, 928 (5th Cir.1993); *News-Texan, Inc. v. City of Garland, Texas*, 814 F.2d 216, 220 (5th Cir.1987). Nevertheless, while the amended section no longer contains the language requiring the district court to find that "the case was removed improvidently and without jurisdiction" in order to justify an award of costs and attorney fees, the Fifth Circuit has concluded that an attorney fee award does indeed require the court to review the propriety of a defendant's removal. *Miranti,* 3 F3d. at 928. The court has done so and has concluded that the defendants' removal was improvident.

Since an award of costs and fees under 28 US. C. § 1447(c) is expressly limited to those "incurred as a result of removal," ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable "because such expenses are not incurred 'as a result of the removal.'" *Avitts v. Amoco Production Co.* 111 F.3d 30, 32 (5th Cir. 1997). In calculating attorneys' fees, the court is to calculate the lodestar for purposes of § 1447(c), which is "the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. *Brown v. Ascent Assurance, Inc.* 191 F. Supp. 2d 729, 731 (N.D. Miss. 2002). The party seeking fees has the burden to prove that its request is reasonable and to document the appropriate hours expended. *Hensley v. Eckerhart,* 461 US. 424 (1983); *Brown,* 191 F. Supp. 2d at 731. To meet its burden, the fee petitioner must "submit

evidence supporting the hours worked and rates claimed." *Hensley*, 461 US. at 433.

Welch has submitted invoices totaling $26,169. 37 for legal work performed by five different lawyers and one paralegal, totaling over 160 hours in connection with remand related discovery and in obtaining remand of this matter. The defendants contend that this is excessive.

The underlying legal issues, i.e., an embedded federal question involved in the defendants' second removal of this action, were also present in the first removal. The plaintiff argued in the motion that the exact same issues were involved in both removals as a basis to support his contention that the case had been wrongly removed. Now he submits a bill for nearly $50,000 in fees and expenses for combating those "same issues." However, according to the defendants, the development of new facts involving Welch's securities law expert was the primary difference in the removal theories rather than new theories of law since their second removal was based upon the expert disclosure of Bebel.

When deciding the reasonableness of time spent for purposes of fee motions, courts should exclude hours that are not reasonably expended. *Hensley*, 461 US. at 433. Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary. *Id.* Courts faced with excessive fee requests in light of duplicative work have shown little reluctance to reduce compensable time. *See, e. g., Miler v. Alamo,* 983 F.2d 856, 861 (8th Cir. 1993) (amount of hours spent in preparing for appeal on issues that had already been researched and discussed by counsel required compensable hours to be cut in half). An award of attorneys' fees "should not provide a windfall to plaintiffs." *Brown*, 191 F. Supp. 2d at 735.

Multiple courts have reduced fee requests expended on jurisdictional issues that were less than the fees sought by Welch in this case. *See, e. g., Brown*, 191 F. Supp. 2d at 732 (reducing request for 225 hours to 85 for plaintiffs efforts in successfully seeking remand); *Mehney-Egan v. Mendoza,* 130 F.Supp.2d 884, 885-886 (E.D. Mich. 2001)(reducing request for 73.7 hours of attorney time in seeking remand to 10); *Summit Mach. Tool Mfg. Corp. v. Great N. Ins. Co.,* 883 F.Supp. 1532 (S.D. Tex. 1995) (reducing requested 119 hours to 80); *Alveranga v. Winston,* No. 04-cv-4356, 2007 WL 595069, at *3-4 (E.D.N. Y. Feb. 22, 2007) (reducing "excessive" request of 96 hours by 40 percent).

In situations such as that presented in this case, the Fifth Circuit has held that plaintiffs submitting fee requests are required to exercise billing judgment, and in the absence of such judgment, the proper remedy is for the court to "reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker v. U.S. Dept. of Housing and Urban Development,* 99 F.3d 761, 770 (5th Cir. 1996)(reducing award 15 percent to compensate for plaintiffs failure to exercise billing judgment to exclude "unproductive, excessive, or redundant hours ); *see also, Leroy v. City of Houston,* 831 F.2d 576, 585-86 (5th Cir. 1987)(reducing plaintiff's award by 13 percent); and *Huffman v. Saul Holdings Limited Partnership*, 262 F. 3d 1128, 1135 (10th Cir. 2001) ("unreasonably high fees are not ' incurred' as a result of removal; rather excessive fee requests flow from, and accumulate by means of, improper billing practices, and will not be recoverable under § 1447(c)" ).

Section 1447(c) has been limited by the Fifth Circuit to compensate plaintiffs only

for fees and costs incurred in federal court in connection with removal that would not have been incurred had the case remained in state court. *Avitts,* 111 F. 3d at 32. The defendants contend that Welch's submission of his expert witness's invoices does just that. Further, the defendants argue that the sheer number of hours spent by Bebel in this regard - 87.75 - is, on its face, unreasonable and excessive and should be reduced in accordance with established jurisprudence. The defendants conclude that in terms of removal and remand, Mr. Bebel responded to a subpoena, prepared for a remand-related deposition, and provided remand-related deposition testimony which did not exceed seven hours. The court agrees and finds further that Bebel's bill includes a voluminous amount of time billed for basic research related to the duties of the defendants that will be applicable in the underlying state court proceeding.

After a through review of this matter and after carefully examining the Amended Bill of Costs and supporting documents, the court concludes that the request for attorneys fees and expenses is excessive. The court concludes that while the rate billed per hour by the attorneys and Bebel is not excessive, the amount of time spent is excessive for the result obtained in light of the previous removal and the similarity of the issues twice addressed by this court. Further, much of the time billed by Bebel appears to be for work that will be applicable to his ultimate opinions and testimony in state court.

Nevertheless, the court has concluded that the defendants improvidently removed this action and then requested and pursued remand related discovery which certainly caused a not insubstantial amount of the time billed for. The plaintiff is entitled to a recovery for a potion of the attorneys fees and expenses he incurred in securing

the remand.  With little guidance from the parties, the court concludes that the net fee and expense request should be reduced by 50% to $23,704.06.

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff, Nick D. Welch, is awarded the amount of $23,704.06 plus interest at the legal rate of 1.25% per annum from this date until paid as a recovery of attorney fees and expenses for the defendants' improvident re-removal of this case, for all of which let execution issue.

SO ORDERED AND ADJUDGED this the 24th day of October, 2008.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE